LAW OFFICES
OF
BRUNO C. BIER, ESQ.

38 West 32nd Street, Suite 1511
New York, New York 10001
Tel: (212) 481-4900
Fax: (212) 481-9227

January 6, 2010

AUSA Soumya Dayananda
United States Attorney,
Eastern District of New York
271 Cadman Plaza East
Brooklyn, NY 11201

        Re:    United States v. Sarvjit Singh – 09-cr-824 (SJ)
                   Discovery Request Pursuant To Fed. R. Crim. P. 16

Dear AUSA Dayananda:

      Pursuant to Federal Rules of Criminal Procedure ("Fed. R. Crim. P.") Rule 16 and the other applicable authority referenced below, this letter contains several requests for disclosure of information and documents relating to the indictment in the above-referenced case. Please provide a written response to these requests as soon as possible.

      Additionally, I may wish to view the government's physical evidence if any in this case. Please send me a viewing letter at your earliest opportunity.

<u>Defendant's Statements - - Rule 16 (a)(1)(A) and (B)</u>

      (1)    Please produce all written or recorded statements made by defendant within the possession, custody or control of the government, the existence of which is known, or by the exercise of due diligence may become known, to the government.

      (2)    Please produce that portion of any written record (including, but not limited to, government notes) containing the substance of any oral statement made by defendant in response to interrogation by any person then known to defendant to be government to be a government agent.

      (3)    Please disclose the substance of any other oral statement made by defendant to the government. If such a statement exists or is found to exist, we hereby request you that you cause it to reduced to writing and produced.

Defendant's Prior Criminal Record - - Rule 16(a)(1)(D)

Please disclose defendant's prior criminal record, if any, the existence of which is known, or by the existence of due diligence may become known, to the government. This request includes but is not limited to all matters known or reasonably discoverable by the government which may affect defendant's criminal history score under the United States Sentencing Guidelines, and, more specifically, includes but is not limited to a request for a "copy of [defendant's] prior criminal record." See Fed. R. Crim. P. 16(a)(1)(B); United States v. Troj-Zambrano, 582F.2d 460,465 (9th Cir. 1978) ("prosecutor ordinarily discharges his duty under Rule 16(a)(1)(B) by supplying the accused with a copy of his F.B.I. rap sheet"); United States v. Feola, 651 F.Supp. 1068, 1147(S.D.N.Y. 1987) (requiring production of copy of conviction record), aff'd, 875 F.2d 857 (2d Cir. 1989), cert. denied, 493 U.S. 834 (1989). Please indicate whether the government has exercised the due diligence required by Rule 16 in addition to any reliance that the government may have placed upon efforts made by the Pretrial Services Agency.

Documents and Objects - - Rule 16(a)(1)(E)

Please produce all documents and objects discoverable under Rule 16(a)(1)(E), including but not limited to the following:

(a) those which the government intends to use as evidence in its case-in-chief at trial;
(b) those which were obtained from or belong to defendant (together with a description of where each item was found or obtained); and
(c) those which are material to the preparation of the defense (including, but not limited to, documents and tangible objects relevant to any "other crimes, wrongs, or acts" evidence which the government intends to use at trial under Federal Rules of Evidence ("Fed. R. Evid.") 404(b)).

Please provide copies of immigration forms or applications which the government intends to introduce at trial.  In addition, for purposes of this letter, all documents and objects which have been obtained or confiscated by the government from outside sources during any investigation of this case are deemed to be material to the preparation of the defense and therefore producible. Please provide notice of any decision not to produce requested materials, so that a judicial decision as to production may, if warranted, be sought; and

(d) Please identify and list by date all electronic surveillance including any court ordered interceptions of oral or wire communications, consensual recordings of telephone conversations, body recorders, wiretaps, pen registers or trap and trace devices, video cameras, or surveillance cameras and provide the following:
      (1) a description of the type of electronic surveillance;
      (2) the location of the electronic surveillance;
      (3) the dates and times of the surveillance;

(4) copies and transcripts of any recorded conversations;
(5) all videotape, including surveillance tapes; and
(6) all logs, notes, reports or other material relating to the electronic surveillance.

Reports of Examinations and Tests - - Rule 16(a)(1)(F)

Please disclose all results and reports of physical or mental examinations relevant to this matter, and scientific tests or experiments relevant to this matter, which are in the government's possession, custody, or control, and the existence of which is known to the government or may become known through the exercise of due diligence. We request notice of any government decision to refrain from producing such materials, so that a judicial decision as to production may, if warranted, be sought.

Summaries of Expert Testimony - - Rule 16(a)(1)(G)

Please produce a written summary of any expert testimony which the government intends to use under Rules 702, 703, or 705 of the Federal Rules of Evidence in its case-in-chief at trial. All summaries must describe the witnesses' opinions, and the witnesses' qualifications.

Rule 12(d)(1) Notice

Defendant requests notice of the government's intention to make an in camera presentation for any evidence which the defendant may be entitled to discover under Rule 16.

"Other Crimes, Wrongs or Acts" Evidence - - Fed. R. Evid. 404(b)

Defendant requests notice of the nature of any "other crimes, wrongs, or acts" evidence ("other offense evidence") that the government intends to use at trial in its case-in-chief or in rebuttal, together with any documents or tangible objects that the government intends to introduce in evidence in connection with such other offense evidence; any documents material to the preparation of the defense in opposition to such other offense evidence; and any written or oral statements made by the defendant relating to such other offense evidence. For purposes of this paragraph, the term "statements" shall be construed to the broadest extent permitted by the Federal Rules of Criminal Procedure.

Brady Material

Pursuant to Brady v. Maryland, 373 U.S. 83 (1963), we request that you provide all exculpatory material which exists in this case relating to guilt and/or punishment. Should you have any question with regard to whether certain information constitutes Brady material, we request that you seek an in camera determination as to whether it should be produced, and that we request that we be provided notice that an in camera

3

presentation will be made. As part of this Brady request, we note the government's obligations as outlined in Kyles v. Whitley, 115 S.Ct. 1555 (1994). See e.g., id. 115 S.Ct. at 1567 ("the individual prosecutor has a duty to learn of any favorable evidence known to the others acting on the government's behalf in the case, including the police"). This request is in addition to our Brady/Kyles requests in our correspondence of November 11, 2008.

Giglio Material

Defendant requests, pursuant to Giglio v. United States, 405 U.S.150 (1972), and its progeny, that the government produce any information known to, or reasonably discoverable by, the government which might bear unfavorably upon the credibility of any witness whom the government may call to testify at trial. Such information should include, but not be limited to: (a) the witness' prior criminal record (including pending cases); (b) any known instance of the witness having made a false statement while under oath or otherwise; (c) any direct or implied promises of benefit or leniency in whatever form, known to have been made to a witness with respect to this or any other case; (d) information, if any, related to the length and extent of the witness' addiction to or use of narcotic drugs; (e) the name and address of any person(s) known to the government to whom the witness has made statements relating to the subjects of the indictment, which statements were inconsistent with statements made by witness to law enforcement officers; and (f) any information relating to the witness' falsification of tax information or knowing participation, whether before or after the fact, in fraudulent tax practices.

Government Witnesses

In order to facilitate discovery and avoid delay, please provide a list of witnesses that the government intends to call at trial, along with prior recorded statements of those witnesses, including those statements or summaries of statements transcribed in court transcripts, grand jury proceedings, agents' and prosecutors' reports and notes. Please provide the names and addresses of any person present during any part of the commission of any of the acts alleged in the indictment whom the government intends to call as a witness.

Other Sentencing-Related Issues

To ensure the defendant's rights to due process and effective assistance of counsel under the United States Constitution are protected, please advise me promptly of all facts and circumstances (including but not limited to documents) known to, or reasonably discoverable by, the government that relate to sentencing issues in connection with this matter (e.g. any alleged relevant conduct of which the government is aware or by the exercise of due diligence may become aware). Defendant submits that, in the event defendant wishes to consider entering a guilty plea in this case, defendant cannot knowingly, intelligently, or voluntarily do so without disclosure of such sentencing-related information. In other words, defendant submits that a plea in such circumstances would not be fully informed as to potential sentencing consequences, and could not be

knowing, voluntary, and intelligent. See <u>United States v. Horne</u>, 987 F.2d 833, 839-41 (D.C. Cir. 1993) (Buckley, J., concurring) ("A bargain …. is a pragmatic exchange based on an understanding of mutual advantage. A defendant's understanding of the maximum penalties he will face if he enters a guilty plea may be of critical importance … to the defendant's decision to accept the Government's offer rather than assume the risks of trial"), <u>cert. denied</u>, 510 U.S. 852 (1993); cf. U.S.S.G. Section 6B1.2 (Policy Statement), Commentary ("The Commission encourages the prosecuting attorney prior to the entry of a plea of guilty … to disclose to the defendant the… offender characteristics, then known to the prosecuting attorney, that are relevant to the application of the sentencing guidelines").

Please note that the foregoing requests pertain to all relevant information obtained in the investigation and prosecution of this case, as well as the case of United States v. Archer and Rafique -- 08-cr-288 (SJ), in addition to any other investigation or prosecution where the relevant information has been obtained.

\* \* \*

I would appreciate disclosure of the above- requested information and documents as soon as possible. Please notify me if any special arrangements may be required. We also request that no material subject to discovery under Fed. R. Crim. P. Rule 16 be forwarded to the Court in this case except under seal unless the Court orders otherwise.

Pursuant to Fed. R. Crim. P. Rule 16(c) and other applicable authority, the requests made above are of a continuing nature. We hope and except that you will forward such information to us as it becomes available to the government. We would appreciate your assistance in ensuring that discoverable material is made available as early as possible so as to avoid any unnecessary inconvenience to the Court in dealing with last-minute motions or delays relating to trial and preparation for trial.

Finally, we request that all government agents be directed to preserve all of their rough notes and other documents or objects that may be material to this case.

Please do not hesitate to contact me if you would like to discuss any of the above requests.

Sincerely,

s/ Bruno C. Bier
Bruno C. Bier
BB-1633