**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------------x
**UNITED STATES OF AMERICA,**

        -against-                                  **ORDER TO SHOW CAUSE**

**SARVJIT SINGH,**                                    **09-CR-824 (SJ)**

                 **Defendant.**
----------------------------------------------------------------x

     Currently pending before this Court, on a referral from the Honorable Sterling Johnson, Jr., is a motion by defendant Darvjit Singh to dismiss the indictment against him and to suppress allegedly involuntary statements made by him to law enforcement authorities.

     In connection with the pending motion to dismiss, defendant alleges, *inter alia*, that Count Two of the indictment, which charges Singh with knowingly presenting a Form I-687, "omits any allegation that Singh knew that the Form I-687 contained false statements." Defendant's Memorandum of Law In Support of Omnibus Motion to Dismiss the Indictment and Suppress Statements ("Def. Mem.") at 16, ECF Docket Entry ("D.E.") #18-2. In opposing the motion, the government's memorandum of law addresses the sufficiency of the indictment's Count One conspiracy charge, but contains no discussion whatsoever concerning Count Two. See The Government's Memorandum of Law In Opposition at 5-9, D.E. #19; see also Defendant's Reply to Government's Opposition to Defendant's Motion at 2-3, D.E. #21.

     As defendant correctly notes, Count Two of the indictment, while charging that Singh "knowingly presented" a Form I-687 that contained material false statements, see Indictment at 3-4, D.E. #7, does not allege that Singh knew that the form contained false statements. See

Def. Mem. at 16. Although an indictment that merely tracks the statutory language ordinarily is legally sufficient, the Second Circuit, consistent with Supreme Court precedent, has declared that where, as here,

> one element of the offense is implicit in the statute, rather than explicit, and the indictment tracks the language of the statute and fails to allege the implicit element explicitly, the indictment fails to allege an offense. See [United States v. Carll, 105 U.S. 611, 612-13 (1881)] (indictment that failed to allege that the defendant knew an uttered document was forged failed to charge a crime although statute did not make the knowledge element explicit) . . . .

United States v. Foley, 73 F.3d 484, 488 (2d Cir. 1996), abrogated on other grounds, United States v. Santopietro, 166 F.3d 88, 92-93 (2d Cir. 1999); accord United States v. Pirro, 212 F.3d 86, 93 (2d Cir. 2000).

The government is directed to show cause, in writing, by March 15, 2010, why Count Two of the instant indictment should not be dismissed on the basis of the aforesaid legal principle.

    **SO ORDERED.**

**Dated:**    Brooklyn, New York
          March 10, 2010

                                    **ROANNE L. MANN**
                                    **UNITED STATES MAGISTRATE JUDGE**