```
          UNITED STATES DISTRICT COURT
          EASTERN DISTRICT OF NEW YORK



UNITED STATES OF AMERICA      *    Case No. 09-CR-824(SJ)
                              *
                              *    Brooklyn, New York
                              *    May 19, 2010
     v.                       *
                              *
SARVJIT SINGH,                *
                              *
          Defendant.          *
                              *
  * * * * * * * * * * * * * * *
```

          TRANSCRIPT OF CRIMINAL CAUSE FOR PLEADING
            BEFORE THE HONORABLE ROANNE L. MANN
               UNITED STATES MAGISTRATE JUDGE

APPEARANCES:

For the Government:           SOUMYA DAYANANDA, ESQ.
                              Asst. United States Attorney
                              United States Attorney's Office
                              271 Cadman Plaza
                              Brooklyn, NY 11201


For the Defendant:            BRUNO CHARLES BIER, ESQ.
                              Bajaj & Associates, PLLC
                              1170 Broadway, Suite 1206
                              New York, NY  10001




Proceedings recorded by electronic sound recording,
transcript produced by transcription service.

**Fiore Reporting and Transcription Service, Inc.**
**4 Research Drive, Suite 402**
**Shelton, Connecticut 06484 (203)929-9992**

1          (Proceedings commenced at 12:12 p.m.)

2          THE CLERK:  This is a criminal cause for a pleading

3    in docket number 09-CR-824, the United States of America

4    against Sarvjit Singh.

5          Counsel, please state your appearances for the

6    record.

7          MS. DAYANANDA:  Good afternoon, Your Honor.  Soumya

8    Dayananda for the government along with Andrew Goldsmith,

9    also for the government.

10          MR. BIER:  Bruno Bier on behalf of Sarvjit Singh.

11    Good morning -- good afternoon.

12          THE COURT:  Good afternoon.  Welcome to all of you.

13    Please be seated.  This is on for a guilty plea.  It's been

14    referred to me by Judge Johnson.

15          Mr. Singh, I have before me a document entitled

16    consent to have a plea taken before a United States

17    Magistrate Judge.

18          Is that your signature on the defendant's signature

19    line?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Have you read this document and

22    discussed it with your attorney?

23          THE DEFENDANT:  Yes, Your Honor.

24          THE COURT:  Do you understand what you've agreed to

25    by signing this document?

3

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  I want to make sure that you do

3    understand.  This is Judge Johnson's case.  He's a United

4    States District Court Judge and he's the judge who will

5    sentence you and make the ultimate decision as to whether to

6    accept your guilty plea.

7               If you wish, you have the absolute right to have

8    Judge Johnson listen to your plea and if you choose to do

9    that, there'll be no prejudice to you.

10               Do you understand that?

11          THE DEFENDANT:  Yes, Your Honor.

12          THE COURT:  On the other hand if you wish I will

13    listen to your plea.  I'm a United States Magistrate Judge.

14               This proceeding is being recorded.  A transcript

15    will be made of the proceeding and Judge Johnson will review

16    it before deciding whether to accept your plea.  He'll also

17    review it in connection with your sentence.

18               Do you understand that?

19          THE DEFENDANT:  Yes, Your Honor.

20          THE COURT:  Understanding what I've just said to

21    you, do you wish to give up your right to have Judge Johnson

22    listen to your plea and proceed instead before me at this

23    time?

24          THE DEFENDANT:  Yes, Your Honor.

25          THE COURT:  And Mr. Bier, I'm going to ask would

4

1    you please move the microphone closer to your client because

2    he has a soft voice.

3              Mr. Singh, do you make this decision voluntarily

4    and of your own free will?

5              THE DEFENDANT:  Yes, Your Honor.

6              THE COURT:  Have any threats or promises been made

7    to you to induce you to agree to have me hear your plea?

8              THE DEFENDANT:  No, Your Honor.

9              THE COURT:  I find that the defendant's consent is

10   knowing, intelligent and voluntary.  Mr. Singh, before

11   accepting your guilty plea there are a number of questions

12   that I have to ask to make sure that it's a valid plea.

13              If you don't understand any of my questions, please

14   say so and I'll re-word the question.  Mr. Mariadason, would

15   you please swear the defendant?

16        (The defendant is sworn.)

17              THE CLERK:  Please state your full name and spell

18   your last name for the record.

19              THE DEFENDANT:  Singh, S-I-N-G-H.

20              THE COURT:  And your first name?

21              THE DEFENDANT:  Sarvjit, S-A-R-V-J-I-T.

22              THE CLERK:  Thank you.

23              THE COURT:  Thank you.  Please be seated.  Mr.

24   Singh, you should understand that having been sworn, your

25   answers to my questions will be subject to the penalties of

```
1    perjury if you do not answer truthfully.  Do you understand
2    that?
3             THE DEFENDANT:  Yes, Your Honor.
4             THE COURT:  Mr. Singh, how old are you?
5             THE DEFENDANT:  55 years old.
6             THE COURT:  And I understand that you received a
7    law degree in India.  Is that correct?
8             THE DEFENDANT:  Yes, Your Honor.
9             THE COURT:  So you're a college graduate and a law
10   school graduate?
11            THE DEFENDANT:  Yes, Your Honor.
12            THE COURT:  And you appear to be fluent in English.
13   Is that correct?
14            THE DEFENDANT:  Yes, Your Honor.
15            THE COURT:  Have you had any difficulty
16   communicating with your attorney?
17            THE DEFENDANT:  No, Your Honor.
18            THE COURT:  Mr. Bier, have you had any difficulty
19   communicating with Mr. Singh?
20            MR. BIER:  No, Your Honor.
21            THE COURT:  Mr. Singh, are you now or have you
22   recently been under the care of a doctor or psychiatrist?
23            THE DEFENDANT:  No, Your Honor.
24            THE COURT:  In the past 24 hours, have you taken
25   any drugs, narcotics, medicine or pills or drunk any
```

6

1    alcoholic beverages?

2            THE DEFENDANT:  I took blood pressure medication.

3            THE COURT:  And you're under treatment for high

4    blood pressure?

5            THE DEFENDANT:  Yes, Your Honor.

6            THE COURT:  And when did you take that medication?

7            THE DEFENDANT:  Last night.

8            THE COURT:  Last night?

9            THE DEFENDANT:  Last night.

10            THE COURT:  And that's medication prescribed by

11    your physician?

12            THE DEFENDANT:  Yes, Your Honor.

13            THE COURT:  And you took the prescribed amount?

14            THE DEFENDANT:  Yes.

15            THE COURT:  And other than your prescribed blood

16    pressure medication, have you taken any other medicine or

17    pills or had any alcoholic beverages or narcotics or drugs in

18    the last 24 hours?

19            THE DEFENDANT:  No, Your Honor.

20            THE COURT:  Have you ever been hospitalized or

21    treated for narcotic addiction or for any mental or emotional

22    problem?

23            THE DEFENDANT:  No, Your Honor.

24            THE COURT:  Is your mind clear now?

25            THE DEFENDANT:  Yes, Your Honor.

7

1          THE COURT:  Do you understand what's going on here

2     now?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Mr. Bier, have you discussed the matter

5     of pleading guilty with your client?

6          MR. BIER:  Yes, I have.

7          THE COURT:  In your view does he understand the

8     rights he'll be waiving by pleading guilty?

9          MR. BIER:  Yes, he does.

10         THE COURT:  I'm going to ask you to keep your voice

11    up as well.

12         Is Mr. Singh capable of understanding the nature of

13    these proceedings?

14         MR. BIER:  Yes, he is.

15         THE COURT:  Do you have any doubt as to his

16    competence to plead at this time?

17         MR. BIER:  No, I don't.

18         THE COURT:  Have you advised him of the maximum

19    sentence and fine that can be imposed and have you discussed

20    with him the effect of the sentencing guidelines?

21         MR. BIER:  Yes, I have.

22         THE COURT:  Mr. Singh, have you discussed your case

23    with Mr. Bier and are you satisfied to have him represent

24    you?

25         THE DEFENDANT:  Yes, Your Honor.

1        THE COURT:  Have you received a copy of the

2    superceding indictment that's been filed against you?

3        THE DEFENDANT:  Yes, Your Honor.

4        THE COURT:  Have you consulted with Mr. Bier about

5    the superceding indictment?

6        THE DEFENDANT:  Yes, Your Honor.

7        THE COURT:  I understand that you're prepared to

8    plead guilty to Count 2 of the superceding indictment.

9        That count alleges in substance that on

10    approximately May 9th of 2005, you and others knowingly

11    presented an application and other documents required by the

12    immigration laws and regulations, specifically a Form I-687

13    and accompanying documents which contained a false statement

14    with respect to a material fact, that is that the client

15    referred to in that document entered the United States prior

16    to January 1st, 1982 when in fact as you then and there well

17    knew and believed the client did not enter the United States

18    before January 1st, 1982.

19        In order to prove you guilty of that offense, the

20    government would have to prove the following beyond a

21    reasonable doubt.

22        First, that on the approximate date alleged in

23    Count 2, you were involved in presenting an application or

24    other document required by the immigration laws and

25    regulations, specifically a Form 1-687 and accompanying

1    documents.  The government would not have to prove that you

2    yourself presented it or prepared it if you were involved in

3    the preparation and -- of that document and that you

4    knowingly were involved.

5            Second, the government would have to prove that the

6    document contained a false statement with respect to a fact

7    that was material to that -- to the application and it's

8    alleged here that the false statement was that the client

9    referred to in the documents entered the United States before

10   1982 when in fact as you knew he had not entered before 1982.

11           Fourth, the government would have to prove that you

12   acted knowingly and intentionally and not because of some

13   mistake or innocent reason.

14           Do you understand that charge?

15           THE DEFENDANT:  Yes, Your Honor.

16           THE COURT:  And have you discussed that charge with

17   your attorney?

18           THE DEFENDANT:  Yes, Your Honor.

19           THE COURT:  I now want to talk with you about the

20   rights that you will be giving up by pleading guilty, but the

21   first and most important thing you have to understand is that

22   you have an absolute right to plead not guilty.  Do you

23   understand that?

24           THE DEFENDANT:  Yes, Your Honor.

25           THE COURT:  If you plead not guilty, then under the

10

1  Constitution and laws of the United States, you're entitled

2  to a speedy and public trial by jury with the assistance of

3  counsel on the charges contained in the superceding

4  indictment.  Do you understand that?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  At the trial, you would be presumed to

7  be innocent and the government would have to overcome that

8  presumption and prove you guilty by competent evidence and

9  beyond a reasonable doubt.

10         You would not have to prove that you were innocent

11 and if the government failed to prove you guilty beyond a

12 reasonable doubt, the jury would have the duty to find you

13 not guilty.

14         Do you understand that?

15         THE DEFENDANT:  Yes, Your Honor.

16         THE COURT:  In the course of the trial the

17 witnesses for the government would have to come to court and

18 testify in your presence and your attorney would have the

19 right to cross-examine the witnesses for the government, to

20 object to evidence offered by the government and to offer

21 evidence on your behalf.

22         Do you understand that?

23         THE DEFENDANT:  Yes, Your Honor.

24         THE COURT:  At a trial, while you would have the

25 right to testify if you chose to do so, you could not be

1      required to testify.

2              Under the Constitution of the United States, you

3      cannot be compelled to incriminate yourself.  If you decided

4      not to testify, the Court would at your lawyer's request

5      instruct the jurors that they could not hold that against

6      you.  Do you understand that?

7              THE DEFENDANT:  Yes, Your Honor.

8              THE COURT:  If you plead guilty and the Court

9      accepts your plea, you'll be giving up your Constitutional

10     right to a trial and the other rights that I've just

11     discussed.  There'll be no further trial of any kind and no

12     right of appeal from the judgment of guilty.  The Court will

13     simply enter a judgment of guilty on the basis of your guilty

14     plea.  Do you understand that?

15             THE DEFENDANT:  Yes, Your Honor.

16             THE COURT:  And specifically, I want you to

17     understand that the objection that your lawyer has filed to

18     my report and recommendation that your motion to dismiss and

19     suppress be denied you would be giving up your right to

20     pursue that -- those arguments either before Judge Johnson or

21     before a higher court -- an appellate court.  Do you

22     understand that?

23             THE DEFENDANT:  Yes, Your Honor.

24             THE COURT:  If you plead guilty, I'll have to ask

25     you questions about what you did in order to satisfy myself

12

1    and Judge Johnson that you are in fact guilty of the charge

2    to which you seek to plead guilty, and you'll have to answer

3    my questions and admit your guilt.

4              In that way, you'll be giving up your right not to

5    incriminate yourself.  Do you understand that?

6              THE DEFENDANT:  Yes, Your Honor.

7              THE COURT:  Are you willing to give up your right

8    to a trial and the other rights that I've just discussed?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  I have before me a plea agreement

11   that's been marked Court Exhibit 1.  Turning to the last page

12   of that document, is that your signature on the defendant's

13   signature line?

14             THE DEFENDANT:  Yes, Your Honor.

15             THE COURT:  Have you read this entire document and

16   discussed it with your attorney?

17             THE DEFENDANT:  Yes, Your Honor.

18             THE COURT:  Do you understand all the terms and

19   conditions of this agreement?

20             THE DEFENDANT:  Yes, Your Honor.

21             THE COURT:  Does this document fully and accurately

22   reflect your understanding of the agreement you've reached

23   with the government concerning your guilty plea?

24             THE DEFENDANT:  Yes, Your Honor.

25             THE COURT:  Other than the promises contained in

13

1    this document, has anyone made any promise that has caused

2    you to plead guilty?

3              THE DEFENDANT:  No, Your Honor.

4              THE COURT:  Has anyone made any promise to you as

5    to what your sentence will be?

6              THE DEFENDANT:  No, Your Honor.

7              THE COURT:  I now want to talk with you about the

8    sentencing scheme that's applicable here.  The statute that

9    you're accused of violating in Count 2 carries a prison term

10   of up to ten years.  Do you understand that?

11             THE DEFENDANT:  Yes, Your Honor.

12             THE COURT:  In addition to a prison term, the

13   sentencing court can also impose a supervised release term of

14   up to three years.

15             The supervised release term would follow any term

16   of imprisonment and if you violated a condition of supervised

17   release, you could then be sent back to prison for up to an

18   additional two years regardless of how much time you may

19   already have spent in prison or on post-release supervision.

20   Do you understand that?

21             THE DEFENDANT:  Yes, Your Honor.

22             THE COURT:  In addition to a prison term and a

23   supervised release term, the sentencing court can also impose

24   a fine of up to $250,000.  Do you understand that?

25             THE DEFENDANT:  Yes, Your Honor.

14

1          THE COURT:  The sentencing court will impose a

2    mandatory $100 special assessment.  Do you understand that?

3          THE DEFENDANT:  Yes, Your Honor.

4          THE COURT:  Another consequence that will result

5    from your conviction is deportation or removal from the

6    United States.  Do you understand that?

7          THE DEFENDANT:  Yes, Your Honor.

8          THE COURT:  I now want to talk with you about the

9    sentencing guidelines.  Under the Sentencing Reform Act of

10   1984, the United States Sentencing Commission has issued

11   guidelines for judges to consider in determining the sentence

12   in a criminal case.  The guidelines are advisory.  They're

13   not mandatory.

14          However, the sentencing court is required to

15   consider the guidelines in determining what is a reasonable

16   sentence in a particular case.  Do you understand that?

17          THE DEFENDANT:  Yes, Your Honor.

18          THE COURT:  Have you and Mr. Bier talked about how

19   the guidelines might apply to your case?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  You should understand that Judge

22   Johnson will not be able to do the guideline calculation for

23   your case until after the Probation Department has prepared a

24   pre-sentence report and you and your attorney have had an

25   opportunity to read it and to challenge the facts reported by

1    the Probation Officer.  Do you understand that?

2              THE DEFENDANT:  Yes, Your Honor.

3              THE COURT:  You should also understand that after

4    it's been determined what guideline applies to a case, the

5    judge has the authority to impose a sentence that is more

6    severe or less severe than the sentence called for by the

7    guidelines, depending on what is a reasonable sentence.  Do

8    you understand that?

9              THE DEFENDANT:  Yes, Your Honor.

10             THE COURT:  I'm now going to ask the attorneys to

11   give their best estimate of what the guideline range of

12   imprisonment is likely to be, but I want you to keep in mind

13   that the attorneys' estimates are not binding upon Judge

14   Johnson, even if both your lawyer and the prosecutors happen

15   to be in agreement.  Do you understand that?

16             THE DEFENDANT:  Yes, Your Honor.

17             THE COURT:  I take it the government's calculations

18   are set forth in paragraph 2 of the agreement?

19             MS. DAYANANDA:  That's correct, Judge.

20             THE COURT:  And you've calculated an adjusted

21   offense level of 10 which carries a range of imprisonment of

22   six to 12 months, assuming Mr. Singh has no prior

23   convictions.  Correct?

24             MS. DAYANANDA:  That's correct.

25             THE COURT:  And Mr. Bier, have you done your own

1    calculation under the guidelines?

2                MR. BIER:  Yes.  And I concur with the government's

3    estimate.

4                THE COURT:  All right.  And again, Mr. Singh, it

5    will be up to Judge Johnson to do his own calculation under

6    the guidelines to determine the guideline range of

7    imprisonment and then to decide whether or not to sentence

8    you within that range.  Do you understand that?

9                THE DEFENDANT:  Yes, Your Honor.

10               THE COURT:  I want to point out a particular

11   provision of this agreement.  Paragraph 4 provides in

12   substance and in part that you will not file an appeal or

13   otherwise challenge your conviction or sentence in the event

14   the court imposes a term of imprisonment of 12 months or

15   below.

16               Now under this agreement, you and your lawyer are

17   free to argue before you're sentenced that you should not be

18   sent to prison for as long as 12 months.  In fact, under this

19   agreement, you and your lawyer can ask Judge Johnson to

20   sentence you below the guideline range and to sentence you to

21   no prison time.

22               Alternatively or in addition, you could argue that

23   if he sentences you within the guideline range, he should

24   sentence you at the low end of the range rather than the

25   upper end of the range.

17

1          All of these arguments and other good faith

2     arguments are available to you and your lawyer before Judge

3     Johnson sentences you.

4          However, once he does sentence you, as long as he

5     does not send you to prison for more than a year, that is the

6     end of the matter.  You've agreed that you won't file an

7     appeal or challenge your conviction or sentence as long as

8     the term of imprisonment does not exceed 12 months.  Do you

9     understand that?

10          THE DEFENDANT:  Yes, Your Honor.

11          THE COURT:  You should also understand that parole

12     has been abolished and that if you're sentenced to prison,

13     you will not be released on parole.  Do you understand that?

14          THE DEFENDANT:  Yes, Your Honor.

15          THE COURT:  Do you have any questions that you'd

16     like to ask me about the charge, your rights or anything else

17     relating to this matter?

18          THE DEFENDANT:  No, Your Honor.

19          THE COURT:  Are you ready to plead?

20          THE DEFENDANT:  Yes, Your Honor.

21          THE COURT:  Mr. Bier, do you know any reason why

22     Mr. Singh should not plead guilty?

23          MR. BIER:  No, I don't.

24          THE COURT:  Are you aware of any viable legal

25     defense to the charge?

18

1          MR. BIER:  No, I don't.

2          THE COURT:  Mr. Singh, what is your plea to Count 2

3     of the superceding indictment?  Guilty or not guilty?

4          THE DEFENDANT:  Guilty, Your Honor.

5          THE COURT:  Are you making this plea of guilty

6     voluntarily and of your own free will?

7          THE DEFENDANT:  Voluntarily, Your Honor.

8          THE COURT:  Has anyone threatened or forced you to

9     plead guilty?

10          THE DEFENDANT:  Not, Your Honor.

11          THE COURT:  Other than the agreement with the

12     government marked Court Exhibit 1, has anyone made any

13     promise that has caused you to plead guilty?

14          THE DEFENDANT:  No, Your Honor.

15          THE COURT:  Has anyone made any promise as to what

16     your sentence will be?

17          THE DEFENDANT:  No, Your Honor.

18          THE COURT:  Again, Count 2 charges you with visa

19     fraud.  Specifically, it alleges that on approximately

20     May 9th of 2005, you and others knowingly presented a Form

21     1-687 and accompanying documents which contained a false

22     statement with respect to a material fact, specifically that

23     the client referred to in the documents entered the United

24     States prior to 1982 when you in fact knew and believed that

25     the client had not entered the United States before 1982.

19

1      Did you, in fact, engage in that conduct?

2                  THE DEFENDANT:  Yes, Your Honor.

3                  THE COURT:  Would you tell me in your own words

4      what you did that makes you guilty of that offense?

5                  THE DEFENDANT:  This person came to me and I was

6      working with Mr. Archer.  I referred this person to Mr.

7      Archer, knowing that Mr. Archer is doing false applications

8      of 687.

9                  THE COURT:  And I'm sorry.  I couldn't hear

10     everything you said.  You referred a client to Mr. Archer who

11     was an immigration lawyer?

12                 THE DEFENDANT:  Yes.  And I knew that Mr. Archer

13     was doing these -- submitting these false applications to the

14     immigration.

15                 THE COURT:  He was doing these false applications

16     and then I couldn't hear what you said.

17                 MR. DAYANANDA:  I believe he said to immigration.

18                 THE COURT:  Oh.  To immigration authorities?

19                 THE DEFENDANT:  Yes, Your Honor.

20                 THE COURT:  And did you know that -- and did this

21     happen in early May of 2005?

22                 THE DEFENDANT:  Yes, Your Honor.

23                 THE COURT:  And did you know that the client who

24     you were referring to Mr. Archer had not entered the United

25     States before 1982?

20

1          THE DEFENDANT:  Yes, Your Honor.

2          THE COURT:  And did you know that in order to make

3   an application on a Form I-687 the person would have to have

4   entered the United States before 1982?

5          THE DEFENDANT:  Yes, Your Honor.

6          THE COURT:  And were you aware that Mr. Archer was

7   going to prepare an I-687 Form that falsely stated that the

8   client had entered the United States before 1982?

9          THE DEFENDANT:  Yes, Your Honor.

10          THE COURT:  And you were doing that to assist him

11   in this illegal activity?

12          THE DEFENDANT:  Yes, Your Honor.

13          THE COURT:  And you knew it was wrong to do that?

14   You knew it was wrong to do that?

15          THE DEFENDANT:  Yes, Your Honor.

16          THE COURT:  And just very generally, where did this

17   happen?  In Queens?  Brooklyn?

18          THE DEFENDANT:  Queens.

19          THE COURT:  Is there any further inquiry the

20   government would like me to make of the defendant?

21          MS. DAYANANDA:  No, Your Honor.

22          THE COURT:  Based on the information provided to

23   me, I find that Mr. Singh is acting voluntarily, that he

24   fully understands his rights and the consequences of his plea

25   and that there is a factual basis for the plea.

21

1              I therefore recommend acceptance of the plea of

2      guilty to Count 2 of the superceding indictment.  We have a

3      date for sentence but I -- September 24th at 9:30 a.m. before

4      Judge Johnson.

5              Mr. Singh, in the meantime the Probation Department

6      will be preparing a pre-sentence report.  I urge you to

7      cooperate with the Probation Officer.

8              THE DEFENDANT:  Yes, Your Honor.

9              THE COURT:  Is there anything further?

10             MS. DAYANANDA:  Not from the government.

11             THE COURT:  Okay.  Thank you very much.

12             MS. DAYANANDA:  Thank you.

13         (Proceedings concluded at 12:44 p.m.)

14       I, CHRISTINE FIORE, court-approved transcriber and

15     certified electronic reporter and transcriber, certify that

16     the foregoing is a correct transcript from the official

17     electronic sound recording of the proceedings in the above-

18     entitled matter.

19

20     *Christine Fiore*

21     _____          June 22, 2010

22       Christine Fiore, CERT

23

24